UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY DONNELLY,<br><br>    Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.,<br><br>    Defendant. | Case No. 16-cv-03403-JD<br><br>**ORDER RE MOTION TO AMEND COMPLAINT** |

Plaintiff Mary Donnelly seeks leave to file a First Amended Complaint clarifying her claim against Defendant Sky Chefs, Inc., under the California Labor Code Private Attorneys General Act, section 2698, et seq. of the California Labor Code ("PAGA"). Dkt. No. 6. Plaintiff also moves to amend to correct a handful of typographical errors and, since this case has been removed to federal court, bring her class action allegations within Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 1. Sky Chefs opposes the amended complaint, contending that plaintiff failed to comply with the administrative requirements and the applicable statute of limitations with respect to her PAGA claim. Dkt. No. 7. The motion is granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after the pleading is served if no responsive pleading is allowed, or 21 days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1); *Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 748 (9th Cir. 2011). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.*

Courts typically consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The burden of showing prejudice is on the party opposing leave to amend. *Dunbar v. Google, Inc.*, No. 5:12-cv-3305-LHK, 2012 WL 6202797, at *8 (N.D. Cal. Dec. 12, 2012).

## DISCUSSION

None of these factors support a bar to amendment. Sky Chefs says it "will suffer substantial prejudice if Plaintiff is able to circumvent the statute of limitations and amend her complaint," Dkt. No. 7 at 2, but offers nothing in the way of substance to explain why. And while Sky Chefs contends plaintiff should have amended between June 17, 2016 (when Sky Chefs answered Plaintiff's Complaint) and July 6, 2016 (when they allege the statute of limitations expired), they give no reason why filing the motion to amend on July 20, 2016, caused them substantial prejudice. *Id.* at 2, 5.

Sky Chefs main argument is that plaintiff failed to file suit before the one-year statute of limitations and tolling period ran, making the request to amend futile. *Id.* at 2-3, 5. This argument is based on the interaction between PAGA's administrative exhaustion requirements and statute of limitations provisions. To pursue an action under PAGA, a plaintiff must first give written notice to the Labor Workforce Development Agency "LWDA" and the employer of the specific provisions of the California Labor Code alleged to have been violated and wait for a notice from the LWDA of its intent not to investigate the alleged violations, or if no notice is received, wait 33 calendar days after providing notice before commencing a civil action. Cal. Lab. Code § 2699.3. Plaintiffs must file suit within one year, although the statute of limitations period may be extended by 33 days to allow the LWDA to respond. *Id.* at (a)(1), (a)(2)(A); *Moreno v. Autozone, Inc.*, No. 05-04432-MJJ, 2007 WL 1650942, at *2 (N.D. Cal. June 5, 2007). California Labor Code section 2699.3(a)(2)(C) also provides that "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

Plaintiff's employment with Sky Chefs was terminated on June 3, 2015, starting the one year statute of limitations. Dkt. No. 7 at 3. Plaintiff sent the required administrative notice to the LWDA on May 5, 2016, one day before filing the present action. *Id.* at 4. Defendant argues that plaintiff's original PAGA claim was subject to dismissal for failure to properly exhaust the administrative remedies. *Id.* at 5-6. And because she only had until July 6, 2016 to amend the complaint (accounting for the one-year statute of limitations plus the 33 day tolling period), they argue that the leave to amend filed on July 20, 2016 must be dismissed as futile. *Id.*

That is not persuasive. As plaintiff states, California courts have not held that the failure to exhaust administrative remedies before initiating PAGA actions must led to dismissal of the PAGA claim. Dkt. No. 9 at 3-4; *see Bradescu v. Hillstone Restaurant Group, Inc.*, No. SACV 1301289-GW (RZx), 2014 WL 5312546, at *10-12 (C.D. Cal. Sept. 18, 2014). For statute of limitation purposes, exhausted PAGA claims may be timely added to an amended complaint when the claims relate back to the filing of the original complaint. *See Martinez v. Antique & Salvage Liquidators, Inc.*, No. C09-00997-HRL, 2011 WL 500029, at *9-10 (N.D. Cal. Feb. 8, 2011); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013); *Waisbein v. UBS Fin. Servs. Inc.*, No. C-07-2328-MMC, 2008 WL 753896, at *1 (N.D. Cal. Mar. 19, 2008). Leave to amend the complaint is therefore not futile where Donnelly seeks to add additional facts to plead compliance with the PAGA administrative exhaustion requirements.

Plaintiff may file an amended complaint by **November 18, 2016**. Defendant must respond by **December 16, 2016**.

**IT IS SO ORDERED.**

Dated: October 25, 2016

JAMES DONATO
United States District Judge